UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA BIEBER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:14-cv-01604-CAS ) ) JURY TRIAL DEMANDED |
| CENTRAL CREDIT SERVICES, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT, CENTRAL CREDIT SERVICES, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION**

Defendant, Central Credit Services, LLC, incorrectly identified as Central Credit Services, Inc. ("CCS"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Petition filed by plaintiff, Laura Bieber ("Plaintiff"), and states:[1]

**INTRODUCTION AND JURISDICTION**

1. CCS admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any and all damages, liability, and or violations, to the extent alleged in ¶ 1.

2. CCS admits the allegations in ¶ 2 for jurisdictional purposes only.

3. CCS admits that plaintiff purports to bring an action for damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"), but denies any and all damages, liability, and or violations, to the extent alleged in ¶ 3.

4. CCS admits the allegations in ¶ 4 for jurisdictional purposes only.

---

[1] CCS has contemporaneously filed a Motion for Partial Dismissal of the TCPA claim (Count II).

5. CCS denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein. In further response, CCS denies any and all damages, liability, and or violations, to the extent alleged in ¶ 5.

6. CCS takes no position on plaintiff's demand for a jury trial.

## PARTIES

7. CCS denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

8. CCS admits it is a Florida corporation, in the business of debt collection, doing business in the state of Missouri, with a registered agent in Missouri. Except as specifically admitted, CCS denies the allegations in ¶ 8 as calling for a legal conclusion.

9. CCS admits it is engaged in the business of debt collection and may, under certain circumstances, fall within the FDCPA's definition of a "debt collector." Except as specifically admitted, CCS denies the allegations in ¶ 9 as calling for a legal conclusion.

## FACTS

10. CCS admits Sallie Mae, Inc. placed an account in plaintiff's name with CCS for collections. Except as specifically admitted, CCS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. CCS admits Sallie Mae, Inc. placed an account in plaintiff's name with CCS for collections. Except as specifically admitted, CCS denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. CCS denies the allegations in ¶ 12.

13. CCS denies the allegations in ¶ 13.

14. CCS denies the allegations in ¶ 14.

15. CCS denies the allegations in ¶ 15.

16. CCS denies the allegations in ¶ 16.

17. CCS admits its records reflect payments on the subject account.

18. CCS denies the allegations in ¶ 18.

## COUNT I: VIOLATION OF THE FDCPA

19. CCS repeats its answers to the allegations set forth in the preceding ¶¶ 1-18 as if same were set forth herein at length.

20. CCS denies the allegations in ¶ 20 as calling for a legal conclusion.

21. The FDCPA speaks for itself and is the best evidence of its content. To the extent Plaintiff's allegations in ¶ 21 state otherwise, they are denied.

22. CCS denies the allegations in ¶ 22, including all subparts.

## COUNT II: VIOLATION OF THE TCPA

23. CCS repeats its answers to the allegations set forth in the preceding ¶¶ 19-22 as if same were set forth herein at length.

24. CCS denies the allegations in ¶ 24, including all subparts. In further response, CCS has filed a Motion for Partial Dismissal of the TCPA claims.

25. CCS denies that Plaintiff is entitled to the relief requested in the paragraphs of her Petition which begin with "WHEREFORE"

AND NOW, in further Answer to Plaintiff's Petition, Defendant CCS avers as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff, in Count II of her Petition, failed to state a claim against CCS upon which relief may be granted.[2]

---

[2] *See* Def.'s Mot. For Partial Dismissal, Sep. 19, 2014.

### SECOND AFFIRMATIVE DEFENSE

2. CCS denies any liability; however, regardless of liability, Bieber has suffered no actual damages as a result of CCS's purported violations.

### THIRD AFFIRMATIVE DEFENSE

3. One or more claims asserted by Bieber are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Assuming Bieber suffered any damages, she failed to mitigate damages or take other reasonable steps to avoid or reduce damages

### FIFTH AFFIRMATIVE DEFENSE

5. Any harm suffered by Bieber was legally and proximately caused by persons or entities other than CCS and were beyond the control or supervision of CCS or for whom CCS was and is not responsible or liable.

### SIXTH AFFIRMATIVE DEFENSE

6. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

7. CCS had plaintiff's consent to place any and all calls to her.

WHEREFORE, Defendant, Central Credit Services, LLC, incorrectly identified as Central Credit Services, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

{01236710.DOC;1}

Dated September 19, 2014

Respectfully submitted,

/s/ Michael S. Hamlin
Michael Hamlin #59272MO
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821
Telephone: (314) 335-1330
Facsimile: (314) 421-3144
Email: hamlin@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 19th day of September, 2014:

Mr. Steven A. Donner
Mr. Matthew P. Cook
Attorneys for Plaintiff
1108 Olive Street, Suite 200
St. Louis, Missouri 63101

/s/ Michael S. Hamlin

5

{01236710.DOC;1}